UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 04-14033-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DARRELL LAVERN REAVES,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation on Final Hearing in Respect to the Petition Alleging Violations of Supervised Release [D.E. 925], and Defendant Darrell Lavern Reaves' Objections to the Magistrate Judge's Report and Recommendation [D.E. 926].

**THIS MATTER** was assigned to the Honorable United States Magistrate Judge Shaniek M. Maynard on November 29, 2017. On February 9, 2018, Magistrate Judge Maynard issued a Report and Recommendation recommending that Reaves "be found to have violated his supervised release in respect to Violation Numbers 1 and 2." [D.E. 925]. Thereafter, Defendant filed timely objections to the Magistrate Judge's Report and Recommendation. [D.E. 926].

1

## I. Defendant's Objections

Defendant generally objects to the Magistrate Judge's assessment of the witnesses' credibility. After a two-day evidentiary hearing, Magistrate Judge Maynard determined that "the Defendant committed domestic violence battery against Amina Wilson by punching her in the face and head (Violation Number 1), and against J.T. by physically throwing or slamming her (Violation 2)." [D.E. 925 at 14]. In reaching this decision, Magistrate Judge Maynard found J.T.'s testimony credible and consistent with the Government's evidence, noting that J.T. "had the opportunity and ability to accurately observe what happened, and—unlike Defendant and [Amina Wilson]—she has no particular reason not to tell the truth." [D.E. 925 at 11-13]. However, Magistrate Judge Maynard "did not find Defendant's testimony or Amina Wilson's testimony on the stand credible." [D.E. 925 at 14]. Defendant contends that J.T. and Wilson made critical inconsistent statements and they had motives and opportunity to falsify their testimonies. According to the Defendant, Magistrate Judge Maynard's dismissal of the inconsistencies as "inconsequential" was improper.

## II. Analysis

Upon a finding "by a preponderance of the evidence that the defendant violated a condition of supervised release" Section 3583(e) permits the Court to "revoke a term of supervised

2

release, and require the defendant to serve in prison all or part of the term of supervised release" 18 U.S.C. § 3583(e)(3). United States v. Cunningham, 607 F.3d 1264, 1266 (11th Cir. 2010). After an independent review of the record the Court agrees that the Defendant's violation of supervised release has been proven by a preponderance of the evidence. See id. at 1268. Moreover, the Court finds no persuasive argument in Defendant's objections to the Report and Recommendation.

III. Conclusion

THE COURT has conducted an independent review of the record and is otherwise fully advised in the premises. Accordingly, for the aforementioned reasons, it is

ORDERED AND AJUDGED that United States Magistrate Judge Shaniek M. Maynard's Report and Recommendation [D.E. 925] is hereby **RATIFIED, AFFIRMED and APPROVED in its entirety.** It is further

ORDERED AND AJUDGED that Defendant Darrell Lavern Reaves is found to have violated his supervised release with respect to Violations 1 and 2.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of April, 2018.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record